## (April 20, 1965)

■ In the Matter of the Arbitration between George B. Rabinor et al., Appellants, and Milton Pashman, Respondent. — Order, entered on October 27, 1964, denying petitioners' application for a stay of arbitration, unanimously affirmed, with $30 costs and disbursements to respondent. Petitioners are the two general partners of a partnership which also has 180 limited partners. Respondent, who is one of the limited partners, charges petitioners with improper management and control of the partnership properties and has demanded arbitration of his dispute with them. The demand is signed by respondent alone but his affidavit states that he is acting on behalf of 121 other limited partners pursuant to written authorizations from them. The record does not indicate, however, that any of the limited partners other than respondent were given

notice of respondent's demand for arbitration or the subsequent proceedings. The partnership agreement contains a broad arbitration clause, expressly covering disputes in connection with the operation of the partnership, and we have no doubt that it embraces the dispute respondent desires to have resolved. Petitioners' principal objection to the arbitration appears to be that it will affect the interests of all the limited partners, and that therefore all should be made parties to it, especially since the arbitration clause provides that any award " shall be final and binding on each and all of the Partners ". To Special Term's answer that " the arbitration can only affect those persons over whom the arbitrators have jurisdiction ", petitioners reply that " internal chaos " might result and confusion envelop the partnership's dealings with third persons. For example, they say, if the arbitrator determined that they should be ousted as general partners, they would nonetheless continue as such with relation to at least 58 limited partners. Whatever force is conceded to petitioners' arguments, in our opinion they should initially be addressed to the arbitrator. Neither we nor the petitioners have any reason to believe that the arbitrator will overlook the possible effect of the proceeding on the interests of absent limited partners, or the possible effect of their absence on petitioners' interests, or that merely out of caprice the arbitrator will decline to direct that absent partners be notified of the proceeding and afforded opportunity to be heard. " Court action, having a tendency to interfere with the prerogatives of the arbitrators or to delay their proceedings is not justified except where shown to be absolutely necessary for the protection of the rights of a party" (*Matter of MVAIC* [*McCabe*], 19 A D 2d 349, 353; and see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04). No such showing is made here. If after award court protection should be needed, it may then be sought. Concur — Botein, P. J.; Rabin, Valente, Eager and Bastow, JJ.