**SECURITIES AND EXCHANGE COMMISSION, Appellee,**

v.

**AMERICAN ASSOCIATED SYSTEMS, INC., et al., Robert Edwin Lee, Appellant.**

**Nos. 73–1064, 73–1065.**

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1973.

Decided July 31, 1973.

---

Robert E. Lee, pro se; Charles V. Boarman, Lexington, Ky., on brief.

John I. Mayer, William D. Goldsberry, Joseph L. Grant, Howard P. Alterman, S. E. C., Chicago, Ill., Paul Gonson, Asst. Gen. Counsel, S. E. C., Washington, D. C., for appellee; Walter P. North, Acting Gen. Counsel, David Ferber, Sol., Martin S. Berglas, Atty., S. E. C., Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Defendant-appellant, Robert E. Lee, seeks reversal of an order for permanent injunction entered against him. The in-junction forbids further violations of the anti-fraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. We affirm.

This action, brought by the Securities Exchange Commission, originally sought permanent injunctions against three Kentucky corporations and eight individuals. Default judgments were entered against the corporate defendants and permanent injunctions by consent were entered against each of the individual defendants, except Lee. The findings of fact and conclusions of law of District Judge Mac Swinford are attached as an appendix to this opinion.

The trial record reveals that Lee, as corporate counsel for American Associated Systems, Inc. (AASI), prepared board of directors' meeting agendas, led board discussions, drafted resolutions and was paid as a director. He served also as a member of AASI's executive committee and owned the management corporation which managed AASI and its subsidiaries.

In 1970, when AASI was experiencing serious cash-flow problems and Lee was aware of these problems, he prepared a quarterly report for AASI which failed to disclose the difficulties. Also included in this report were false statements concerning Belva Manor, an AASI subsidiary which had diverted funds intended for construction of a nursing home to other purposes.

Lee failed also to disclose the financial problems of AASI at the 1970 annual shareholders' meeting and the directors' meeting immediately thereafter. He led discussions at both meetings. Appellant also prepared a misleading registration statement and prospectus for American Associated Financial Corp., another AASI subsidiary.

A careful review of the record reveals substantial support for the District Court's findings and conclusions.

Affirmed.

APPENDIX

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

This cause coming on to be heard on motion of Plaintiff, Securities and Exchange Commission, for a judgment of permanent injunction in accordance with the Complaint filed herewith as to defendant Robert E. Lee and the Court having considered the Complaint and the Answer of the defendant and having heard evidence and arguments of counsel, the Court makes Findings of Fact and Conclusions of Law, as follows:

FINDINGS OF FACT

1. That American Associated Systems, Inc. is a Kentucky corporation which was organized on May 29, 1967 as Educational Funds, Inc. The name was changed to American Associated Systems, Inc. on July 24, 1969.

2. That Belva Manor, Inc. is a Kentucky corporation which was acquired by Educational Funds, Inc. on June 19, 1969.

3. That American Associated Financial Corporation is a Kentucky corporation which was organized on March 3, 1970.

4. That between August 1969 and December 1969, Belva Manor, Inc. had a public offering of 450,000 shares of its common stock at $2 per share. The use of the mails was utilized.

5. That approximately 1,000 persons paid $900,000 for the shares of stock offered by Belva Manor, Inc.

6. That the prospectus furnished to purchasers of the securities of Belva Manor stated that Belva Manor had $100,000 on deposit with the Corbin Deposit Bank of Corbin, Kentucky. This statement was, in fact, false.

7. That the Belva Manor, Inc. prospectus stated that the proceeds from the sale of the public offering were to be utilized for the construction of a nursing home.

8. That, in fact, prior to the completion of the offering by Belva Manor, Inc., in December 1969, monies from the public offering were being utilized for the operations of American Associated Systems, Inc., an affiliate corporation of Belva Manor, Inc., as well as for subsidiaries of American Associated Systems, Inc. and by corporations owned and controlled by officers and directors of Belva Manor, Inc.

9. That Associated Management Corporation was organized under the laws of Kentucky in 1970 and was owned equally by Robert E. Lee, Joel S. Jackson, William E. Bohon, and Alvin L. Norton. Associated Management Corporation was organized to provide managerial, legal, and accounting services to American Associated Systems, Inc., as well as its subsidiaries and affiliates, commencing January 1, 1970 and it was to be paid $150,000 annually for such services. These services were to be provided by Robert E. Lee, William E. Bohon, Joel S. Jackson, and Alvin L. Norton. Each individual was to be paid, and was paid, $3,000 per month.

10. That Hester Finance Co., Inc. was acquired by American Associated Systems, Inc. on January 31, 1970 for 15,000 shares of the latter corporation's stock. Associated Investors was the principal shareholder of Hester Finance Co. prior to its acquisition by American Associated Systems, Inc. Lee owned 40,000 shares of Associated Investors stock both prior and subsequent to January 31, 1970. Two loans, totalling $25,000, were granted to Hester Finance Co. during November and December 1969. These loans were not disclosed in the "Plan of Reorganization" dated January 31, 1970 between American Associated Systems, Inc. and Hester Finance Co.

11. That Robert E. Lee attended almost all of the directors meetings of American Associated Systems, Inc., its subsidiaries and affiliates, from 1967 through August 1970. Corporate minutes of American Associated Systems, Inc. provided that Lee was to be compensated at the same rate as the other directors for his attendance at the meetings of the board of directors. Lee pre-

pared agendas, presented matters to the board, proposed resolutions, and kept and maintained the corporate minute books for all of the entities.

12. That as of January 1970, Lee had knowledge of the fact that the monies obtained from the offer and sale of the common stock of Belva Manor, Inc. to the public had been misappropriated and utilized for purposes other than that which was specified in the registration statement filed with the Commonwealth of Kentucky and prospectus furnished to the purchasers of said securities.

13. That a board of directors meeting for Belva Manor, Inc. was held on February 21, 1970. The agenda of said meeting was prepared by Robert E. Lee. The board of directors was requested to authorize and approve the making of a loan of $722,295.07 to American Associated Systems, Inc. in order to permit the latter corporation to reduce its outstanding bank loans. The directors, who were not also officers, were not advised or apprised of the fact that the monies had already been expended as is indicated in Finding 8. It was further represented to the board of directors at said meeting that Belva Manor, Inc. would be furnished notes representing said loans and these notes would be fully secured. No notes representing said loans were ever made or delivered, nor were said loans secured.

14. That in April and May 1970, American Associated Systems, Inc., and its subsidiaries were experiencing cash flow problems. At this time, Lee was being furnished with daily schedules of bank balances for American Associated Systems, Inc., and its subsidiaries.

15. That Lee prepared the American Associated Systems, Inc., Third Quarter Report—1970 which was mailed to all the shareholders of American Associated Systems, Inc., in about May of 1970. Said report did not disclose any of the cash flow problems being experienced by American Associated Systems, Inc., or its subsidiaries. The report also stated that the funds of Belva Manor had been invested in short-term paper. This statement was false in fact. No disclosure was made by Lee that the funds had been utilized by corporations which were owned and controlled by officers and directors of Belva Manor nor was any disclosure made that any loans had been made to Associated Management Corporation which was owned and controlled by Lee, Bohon, Norton, and Jackson.

16. That a shareholders meeting was held in June 1970 of American Associated Systems, Inc. Lee presented the agenda and led the discussions. Lee stated at the shareholders meeting that the company was experiencing no financial difficulties. He failed to disclose the cash flow problems which the company was then experiencing.

17. That Lee, in May of 1970, had knowledge concerning the cash flow difficulties which American Associated Systems, Inc., and its subsidiaries were experiencing. Richard Stoy was requested to join the company as a financial administrator. Lee discussed the cash flow problems with Stoy and stated that the difficulties would be alleviated by a new public offering to be made by a subsidiary of American Associated Systems, Inc., American Associated Financial Corp.

18. That Lee prepared the registration statement and prospectus for American Associated Financial Corporation. The prospectus is dated July 15, 1970. Four hundred thousand (400,000) shares of its common stock were offered to the public at $2 per share. The prospectus failed to disclose the financial difficulties being experienced by American Associated Systems, Inc. and its subsidiaries. It also did not disclose that the funds from the Belva Manor offering had been utilized by American Associated Systems, Inc. for purposes other than those stated in the Belva Manor prospectus or by corporations owned and controlled personally by officers and directors of Belva Manor, Inc.

19. That Lee offered and sold 1,250 shares of common stock of American Associated Systems, Inc. in May, 1970 through an agent. The agent was only told that Lee needed money. Lee failed to disclose any of the financial difficul-

**1044**

ties being experienced by American Associated Systems, Inc. and its subsidiaries nor did he disclose that funds of Belva Manor, Inc. had been misappropriated. Lee received approximately $2,500 plus stock of another corporation as the proceeds from the sale of his stock.

CONCLUSIONS OF LAW

For the foregoing facts, the Court adopts the following Conclusions of Law:

1. That this Court has jurisdiction of this action under Section 22(a) of the Securities Act of 1933, as amended, (15 U.S.C. § 77v(a)) and Section 27 of the Securities Exchange Act of 1934, as amended, (15 U.S.C. § 78aa), and that it has jurisdiction of the defendant.

2. That the defendant has violated Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder (17 C.F.R. 240.-10b–5).

3. That a final judgment of permanent injunction should be granted in accordance with the Plaintiff's motion.