■ In the Matter of the Arbitration between HELMSLEY ENTERPRISES, INC., Appellant, and LEPERCQ, DENEUFLIZE & CO., INC., et al., Respondents.—Judgment, Supreme Court, New York County (Michael J. Dontzin, J.), entered May 22, 1990, which, *inter alia,* denied petitioner's motion, pursuant to CPLR 7503 to stay arbitration, dismissed the petition, and directed the parties to proceed with arbitration, unanimously affirmed, with costs.

Petitioner is the sole general partner of The Palace Com-

pany, which owns and operates the Palace Hotel. Respondents are limited partners of The Palace Company. Article XIII of the limited partnership agreement provides, "[A]ny dispute or controversy among the Partners arising in connection with (i) this Agreement or any amendment thereof, (ii) the breach thereof, or (iii) the formation, operation or termination of the Partnership shall be determined and settled by arbitration in the City of New York by a panel of three members in accordance with the rules of the American Arbitration Association. * * * Under no circumstances, however, shall the arbitrators have the right to hear or to determine any issue that could, in any way, expand or increase the liability of any Limited Partner or that could require any Limited Partner to contribute any additional capital to the Partnership. No such issue shall be arbitrable."

On February 7, 1990, respondents served a demand for arbitration on petitioner stating that petitioner had breached its fiduciary duties in the management and operation of the partnership affairs, causing substantial damage to the partnership and the claimants' interests therein. Respondents' allegations are based, in part, on the criminal indictments against Harry and Leona Helmsley and other senior executives in the Helmsley organization. One of the allegations is that petitioner conducted the affairs of the partnership and the Palace Hotel in violation of 18 USC § 1962 (c) (the Federal RICO statute). In addition, respondents' demand alleges that petitioner engaged in self-dealing, that it mismanaged the financial affairs of the partnership, and that it refused to provide financial information. For petitioner's ongoing breaches, respondents seek the removal of petitioner as general partner and the appointment of an interim receiver pending the reconstitution of the partnership, or, in the alternative, dissolution of the partnership, as well as an accounting and treble damages.

The reasons advanced by petitioner for permanently staying arbitration were properly rejected by the IAS court. First, petitioner's argument that the arbitration clause does not provide for arbitration of claims relating to the management of the partnership business is unavailing. Respondents do not merely disagree with petitioner's management decisions, but are claiming that petitioner has breached its fiduciary duty to the partnership, causing substantial damages to respondents' interests in the partnership, and requiring the removal of petitioner as general partner. We agree with the IAS court that there was a reasonable relationship between the subject

matter of this dispute and the general subject matter of the underlying contract, and that the parties had intended by their agreement to arbitrate this type of dispute *(see generally, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95). Furthermore, there is no merit to petitioner's argument that the arbitration clause excludes respondents' claims on the ground that the liability of the limited partners would thereby be expanded. In this regard, it should be noted that petitioner, in seeking arbitration of disputes with the limited partners in the past, has itself taken a contrary position.

Furthermore, under applicable Federal law, respondent's RICO claims are arbitrable *(Shearson/American Express v McMahon,* 482 US 220, *reh denied* 483 US 1056). Contrary to petitioner's argument, *Volt Information Sciences v Board of Trustees* (489 US 468) does not compel the conclusion that New York's public policy prohibiting an arbitrator from awarding punitive damages preempts the Federal rule that RICO treble damage claims are arbitrable. Furthermore, in *Volt,* the State law fostered arbitration, rather than requiring a judicial forum for resolution of the parties' disputes. *(Supra.)*

Lastly, since there is no provision in the partnership agreement that the consent of all limited partners is necessary to submit a dispute to arbitration, and since the agreement provides that "any dispute or controversy among the Partners" should be submitted to arbitration, arbitration should not be stayed merely because all the limited partners have not provided written consents to arbitration. The rights of the parties absent consent by certain limited partners should be addressed by the arbitrator *(see, Matter of Rabinor [Pashman],* 23 AD2d 741, 742). Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.