OPINION OF THE COURT
Walter M. Schackman, J.
Defendants move pursuant to section 3 of the Federal *757 Arbitration Act (9 USC § 3) for an order staying this action pending the outcome of arbitration. The court deems defendants’ motion to be made under CPLR 7503 (a) as well as under the Federal statute (see, CPLR 2001).
Plaintiff was hired by defendant Goldman, Sachs & Co. in September 1977 as a research assistant. She thereafter sought to become a registered representative and on October 3, 1978 executed a "Uniform Application for Securities and Commodities Industry Representative and/or Agent” (the U-4 form) and an agreement with the New York Stock Exchange labeled "New York Stock Exchange Inc. Agreement Form U-4 AD-6-1.” These documents shall be collectively referred to as "The Agreement.” The Agreement provided that plaintiff would abide by the rules, regulations and constitutions of the various exchanges and that "any controversy * * * arising out of (plaintiff’s) employment or the termination of (her) employment shall be settled by arbitration * * * in accordance with the arbitration procedure prescribed in the Constitution and Rules then obtaining of the New York Stock Exchange Inc.”
In May 1987 plaintiff was promoted to the position of vice-president in defendant’s Merchant Bank Group. In 1991 the Group was restructured and plaintiff’s employment was terminated.
Shortly thereafter plaintiff brought the underlying action based on the State Human Rights Law (Executive Law § 290 et seq.). In her complaint plaintiff alleges that defendants engaged in sexual discrimination against her by failing to make her a partner in 1990 and by terminating her employment in 1991. Plaintiff is seeking in excess of $18 million in compensatory and punitive damages. Defendants have now moved to stay the action pending the outcome of the arbitration.
The issue before the court is whether plaintiff must arbitrate her claim that defendants engaged in sexual discrimination in violation of the Human Rights Law.
Plaintiff opposes arbitration on the grounds that the public policy of this State requires a judicial remedy for claims of discrimination and that the Federal Arbitration Act (9 USC §§ 1-14 [hereinafter FAA]) is inapplicable because the arbitration clause at issue is part of her employment contract. She argues the congressional intent to allow State remedies against discrimination to operate in tandem with Federal remedies overrides the general rule favoring arbitration. *758 Plaintiff also contends that she was engaged in interstate commerce and is excluded from the provisions of the FAA which states that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce” (9 USC § 1). Next, plaintiff argues that she will be stripped of the protection afforded her under the Human Rights Law if she is compelled to arbitrate because the arbitration panel will be biased and she will be unable to conduct the extensive discovery she requires to prove her case.
Defendants contend that plaintiff is bound by The Agreement to arbitrate all disputes arising out of her employment or the terminations thereof including her claims of sexual discrimination under the State Human Rights Law.
The court agrees with defendants.
The arbitration provision at issue herein is governed by the FAA which applies to any written agreement to arbitrate where interstate commerce is involved (9 USC § 2) and includes disputes arising out of employment in the securities market (Singer v Jefferies & Co., 78 NY2d 76, 81). The "emphatic” national policy favoring arbitration is binding on State courts (supra; see also, Cone Hosp. v Mercury Constr. Corp., 460 US 1, 24-25; Perry v Thomas, 482 US 483, 489-491). Plaintiff’s argument that her agreement to arbitrate was part of her employment contract with Goldman, Sachs & Co. and as such is excluded from FAA coverage has been rejected by the United States Supreme Court which recently held that an arbitration clause identical to the one at bar "is a contract with the securities exchanges, not with [the employer].” (Gilmer v Interstate/Johnson Lane Corp., 500 US —, — [1991], 111 S Ct 1647, 1651-1652, n 2; see also, Alford v Dean Witter Reynolds, 939 F2d 229 [5th Cir 1991].) The fact that plaintiff’s claims herein are made under State law (the plaintiff in Gilmer v Interstate/Johnson Lane Corp., supra, asserted an age discrimination claim under 29 USC § 621 et seq.) does not change the result. The New York courts are bound to apply the FAA as interpreted by the Supreme Court (Singer v Jefferies & Co., supra, 78 NY2d, at 81; Flanagan v Prudential-Bache Sec., 67 NY2d 500, 505-506, cert denied 479 US 391 [1986]; see also, Cone Hosp. v Mercury Constr. Corp., supra; Perry v Thomas, supra; Hawes v Salomon Bros., Sup Ct, NY County, Aug. 6, 1990, Ciparick, J., index No. 1776/90). Finally, plaintiff has failed to demonstrate that arbitration will pro *759 vide an inadequate forum for her to pursue her claims (see generally, Gilmer v Interstate/Johnson Lane Corp., supra, 500 US, at —, 111 S Ct, at 1654-1655).
Accordingly, defendants’ application is granted and this action is stayed pending the outcome of arbitration.