O. Beirne CHISOLM, Plaintiff,

v.

KIDDER, PEABODY ASSET MANAGEMENT, INC. and Kidder, Peabody & Co., Inc., Defendants.

No. 92 Civ. 0774 (CBM).

United States District Court,
S.D. New York.

May 28, 1992.

MEMORANDUM OPINION RE MOTION TO STAY AND COMPEL ARBITRATION

MOTLEY, District Judge.

*Introduction*

In 1991, plaintiff O. Beirne Chisolm filed a lawsuit against defendants Kidder, Pea-

body Asset Management, Inc. ("KPAM") and Kidder, Peabody & Co., Inc. ("KP") in New York Supreme Court. *See Chisolm v. Kidder, Peabody Asset Management*, No. 33022/91 (N.Y.Sup.Ct.). In that action plaintiff alleged four New York state law claims. The first three, to wit, violation of Labor Law § 190 *et seq.*, breach of contract and breach of implied contract, are based upon defendants' alleged wilful withholding of plaintiff's bonus for 1990 and the first two months of 1991. The fourth cause of action, to wit, age discrimination in violation of New York Executive Law § 296, is based upon various acts committed by defendants allegedly for the purpose of constructively discharging plaintiff which led to plaintiff's resignation and early retirement on February 27, 1991. On December 31, 1991, defendants in the state court action moved to stay that action and compel arbitration.

On January 31, 1992, plaintiff filed this action against the same two defendants, KPAM and KP, based on the same facts and issues. The only obvious difference in the suits is that plaintiff raises a federal claim here, alleging that defendants wilfully discriminated against plaintiff on the basis of age in violation the Age Discrimination in Employment Act, 29 U.S.C. §§ 623(a)(1) and 626(b) (1992). Plaintiff's federal complaint alleges that defendants engaged in a pattern and practice of forcing out older employees, including plaintiff, by engaging in harassing and demeaning acts with respect to plaintiff, including the refusal to pay plaintiff bonuses which he had earned for the years 1989, 1990 and 1991. Plaintiff also claims that defendants transferred most of plaintiff's responsibilities to younger employees.

Defendants filed a motion to stay and compel arbitration in this action on March 3, 1992. Plaintiff answered on April 17,

1992 and defc..lants replied on April 23, 1992. Argument on the motion was heard on May 13, 1992.

On May 14, 1992, this court learned that New York Supreme Court Justice Burton S. Sherman had issued an opinion in the parallel state case granting defendants' motion to stay and compel arbitration. *See Chisolm v. Kidder, Peabody Asset Management*, No. 33022/91 (N.Y.Sup.Ct., May 7, 1992) (attached hereto as an Appendix). Justice Sherman held that: (1) in November, 1989, when plaintiff filled out and signed a Uniform Application for Securities Industry Registration (the "U–4 Form"), plaintiff became subject to New York Stock Exchange (NYSE) Rules 347 and 600(a); (2) plaintiff was employed by both KP and KPAM and, consequently, is bound to arbitrate under NYSE Rule 347, since plaintiff's claims arise out of his employment or termination of employment; (3) arbitration of this dispute with KPAM is further mandated by NYSE Rule 600(a); and (4) plaintiff's U–4 Form was a contract with securities exchanges,[1] not a contract for employment; therefore, the Federal Arbitration Act's § 1 exemption for contracts for employment does not prohibit arbitration of plaintiff's claims. Finally, Justice Sherman ordered that plaintiff's claim for punitive damages was separable and would be handled after the arbitration.

*Motion to Stay and Compel Arbitration*

After comparing Justice Sherman's opinion with the parties' argument in this motion, it is clear that the parties here are simply relitigating issues already decided by Justice Sherman. The court sees no substantive differences in the claims presented in federal court with those decided in the parallel state case with regard to the motion to stay and compel arbitration.[2]

---

1. Item 10 of plaintiff's U–4 Form indicates that he was registered with the American Stock Exchange, the NYSE, and the National Association of Securities Dealers.

2. The only issue raised in the federal action not discussed by Justice Sherman is plaintiff's assertion that KPAM cannot compel arbitration with plaintiff under National Association of Securities Dealers ("NASD") Code of Arbitration Pro-

cedure ("NASD Code") § 8(a) because KPAM is not an "associated person" under Article I(m) of the bylaws of the NASD.

NASD Code § 8(a) provides that:
Any dispute, claim, or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s)

Furthermore, Justice Sherman's opinion was not limited to state law but necessarily interpreted the applicable federal law on the issues. Although this court is not bound by the state court decision since the doctrine of res judicata applies only to final judgments on the merits, *Milltex Indus. v. Jacquard Lace Co.*, 922 F.2d 164, 166 (2d Cir.1991), this court finds itself in agreement in every respect with Justice Sherman's decision on the motion to stay and compel arbitration.

■ Therefore, for the reasons explained by Justice Sherman in the attached opinion, this court holds that: (1) in November, 1989, when plaintiff filled out and signed a Uniform Application for Securities Industry Registration (the "U–4 Form"), plaintiff became subject to New York Stock Exchange (NYSE) Rules 347 and 600(a); (2) plaintiff was employed by both KP and KPAM and, consequently, is bound to arbitrate under NYSE Rule 347, since plaintiff's claims arise out of his employment or termination of employment; (3) arbitration of this dispute with KPAM is further mandated by NYSE Rule 600(a); and (4) plaintiff's U–4 Form was a contract with securities exchanges, not a contract for employment; therefore, the Federal Arbitration Act's § 1 exemption for contracts for employment does not prohibit arbitration of plaintiff's claims.

*Requests for Sanctions*

■ One issue raised in this case that was not raised in the state court action is defendants' request for sanctions against plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 (1992). Rule 11 provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....

Fed.R.Civ.P. 11. In its reply papers, defendants argue that plaintiff's counsel could not possibly believe that their arguments in opposition to defendants' motions are well grounded in fact or warranted by existing law. While it is true that Rule 11 sanctions *"must* be awarded when a competent attorney could not have formed a belief after reasonable inquiry" that the arguments were warranted, *Norris v. Grosvenor Mktg.*, 803 F.2d 1281, 1288 (2d Cir.1986) (emphasis in original), it is also true that "to constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Mareno v. Rowe*, 910

---

or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:

.        .        .        .        .

(3) a person associated with a member against a person associated with a member. NASD Guide (CCH) ¶ 3708 (July 1991). Under this provision, KPAM can compel arbitration against plaintiff if (1) both KPAM and plaintiff are "associated persons" and (2) the dispute arises in connection with the activities of KPAM.

Plaintiff does not dispute that he is an "associated person" under § 3(a)(21) of the Securities Exchange Act, 15 U.S.C. § 78c(a)(21) (1992). Instead, plaintiff argues that KPAM is not an "associated person" since Article I(m) of the bylaws of the NASD provides that an "associated person" must be a "natural person."

However, defendant points out that KPAM is an "associated person" under § 3(a)(21) of the Securities Exchange Act since KPAM, as a wholly-owned subsidiary of KP, is "directly or indirectly ... controlled by, or under common control" with KP. Since the NASD bylaw cannot override the meaning of the Exchange Act, this court finds that KPAM is an "associated person" for purposes of NASD Code § 8(a).

Moreover, this court agrees with Justice Sherman's determination that plaintiff's claims in this case, seeking damages out of what plaintiff characterizes as his constructive discharge, are in connection with KPAM's activities as an associated person. Therefore, plaintiff's claims are arbitrable under NASD Code § 8(a).

F.2d 1043, 1047 (2d Cir.1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). Furthermore, a showing of bad faith is not required; rather, the standard is objective, focusing on what a reasonably competent attorney would believe. *Greenberg v. Hilton Int'l,* 870 F.2d 926, 934 (2d Cir.1989). Additionally, courts deciding whether to award Rule 11 sanctions should resolve all doubts in favor of the signer. *Cross & Cross Properties v. Everett Allied Co.,* 886 F.2d 497, 504 (2d Cir.1989).

■ In this case sanctions are not appropriate. While the court did not agree with plaintiff's argument on the merits of this case, the court cannot find that plaintiff's argument was groundless. Since defendant brought the motion, defendant had the burden of proving that plaintiff was employed by both KP and KPAM in order to invoke NYSE Rule 347. It was not improper for plaintiff to allege otherwise and force defendants to satisfy their burden. Additionally, plaintiff's argument that NYSE Rule 600(a)'s exchange-relatedness requirement was not satisfied in this case required the court to interpret the breadth of the requirement. The court accepted defendants' broader reading, but cannot find that plaintiff's narrower interpretation was objectively unreasonable. Finally, plaintiff had authority for asserting that his U–4 Form was a contract for employment. The court agreed with the holdings of the countervailing authority cited by defendant, but in doing so cannot find that plaintiff's argument was groundless. Therefore, the court denies defendants' request for the imposition of Rule 11 sanctions against plaintiff's counsel.

■ Defendants also argue that sanctions are appropriate under 28 U.S.C. § 1927 (1992). That statute provides that

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1992). Unlike the "objectively unreasonable" test under Rule 11, sanctions under this statute "are properly imposed only upon a 'clear showing of bad faith' on the attorney's part." *McMahon v. Shearson/American Express,* 896 F.2d 17, 23 (2d Cir.1990) (quoting *Kamen v. American Tel. & Tel.,* 791 F.2d 1006, 1010 (2d Cir.1986) (quoting *State of West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1092 (2d Cir.), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971))). Since the court has already found that the actions of plaintiff's counsel do not warrant Rule 11 sanctions, the court finds no basis for imposing sanctions under the more burdensome bad faith standard required by this statute.

Finally, in a letter to this court dated April 24, 1992 in which plaintiff responds to defendants' request for sanctions, plaintiff submits that not only are sanctions inappropriate, but that plaintiff should not bear the expense of responding to such accusations. Plaintiff therefore requests "that the Court direct defendants' counsel to pay to the plaintiff a sum reflecting the value of the time spent in preparing this letter, based on our usual hourly rates." Plaintiff cites no authority for this request for costs and/or attorney's fees. Moreover, the court cannot independently envision any reason for granting such a request. Consequently, plaintiff's request is denied.

SO ORDERED.

## APPENDIX

Supreme Court: New York County

I.A.S. Part 19

O. Beirne Chisolm,

Plaintiff,

-against-

Kidder, Peabody Asset Management, Inc. and Kidder, Peabody & Co., Inc.,

Defendants.

Index No. 33022/91

BURTON S. SHERMAN, J.:

In this Article 75 proceeding, defendants, Kidder, Peabody Asset Management, Inc. ("KPAM") and Kidder, Peabody & Co., Inc. ("KP") seek an order staying this action and compelling arbitration. Plaintiff, O. Beirne Chisolm ("Chisolm") alleges causes of action based upon violations of the labor law, breach of contract, breach of implied contract, and age discrimination. Plaintiff contends in the complaint that he was employed from June 1974 through February 27, 1991, with KPAM, a wholly-owned subsidiary of KP, and its predecessors, Webster Management, Inc. ("WMI") and Clark Dodge Management, Inc. ("CDM"). Prior to his employment with KPAM, plaintiff had been resident and a stockholder of CDM. When KP acquired CDM in June 1974, plaintiff continued as president of CDM and became a stockholder of KP. CDM was later re-named WMI. In 1978, plaintiff became Executive Vice President of WMI. In 1990, WMI was renamed KPAM.

The first three causes of action, to wit, violation of Labor Law Sec. 190 et seq., breach of contract, and breach of implied contract are based upon defendants' alleged willful withholding of plaintiff's bonus for 1990 and for the first two months of 1991. The fourth cause of action, i.e., age discrimination, (violation of Sec. 296 of the New York Executive Law) is based upon various acts committed by defendants allegedly for the purpose of constructively discharging plaintiff, which led to plaintiff's resignation and early retirement on February 27, 1991. Plaintiff further seeks $10,000,000 in punitive damages.

In connection with his registration as a general securities representative at KP, plaintiff executed a Uniform Application for Securities Industry Registration ("U-4 Form") in November, 1989, which contained a broad arbitration clause which required plaintiff to "arbitrate any dispute, claim or controversy that may arise between (himself) and (his) firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which

(he) register(ed), as indicated in item 10 as may be amended from time to time."

Item 10 of the U-4 Form indicates that the plaintiff was registered with, among others, the American Stock Exchange ("ASE"), the New York Stock Exchange, Inc. ("NYSE"), and the National Association of Securities Dealers, Inc. ("NASD").

NYSE Rules 628 states that "Article XI of the Constitution and Rules 600–637 shall be deemed a part of and incorporated by reference in every agreement to arbitrate under the Constitution and Rules of the New York Stock Exchange, Inc."

Article XI of the New York Stock Exchange Constitution provides:

"Any controversy between parties who are members, allied members or member organizations and any other persons arising out of the business of such member, allied member or member organization, ... shall at the instance of any such party, be submitted for arbitration in accordance with the provisions of this Constitution and such rules as the Board may from time to time adopt."

NYSE Rule 347 provides that any controversy between a registered representative, and any member or member organization "arising out of the employment or termination of employment of such registered representative by and with such member" shall be settled by arbitration at the instance of any such party.

Plaintiff does not dispute that he is a "registered representative" within the purview of Rules 347 and that KP is a member organization. He argues, however, that Rule 347 does not govern this dispute with KP since, *inter alia*, his employer was KPAM, a non-member, and not KP. Defendants dispute this contention and claim that plaintiff was employed by both KP and KPAM. The record supports defendants' claim of plaintiff's dual employment.

Firstly, the court notes, *inter alia*, that plaintiff's claims are all asserted equally against both defendants. There is no basis for suit against KP for lost wages under the Labor Law, nor for breach of an employment contract, if there did not exist an

employee-employer relationship between plaintiff and KP.

Secondly, the U–4 Form admittedly signed by plaintiff states that plaintiff's firm is KP, does not list any other firm as plaintiff's employer, and states that plaintiff's employment commenced with KP on April 18, 1957. It appears that plaintiff was employed initially with KP in 1957, and after leaving KP to work for CDM, was given credit for his prior employment when CDM was acquired by KP in 1974.

Finally, plaintiff's letter of resignation specifically states: "Please accept my resignation from all positions at (KP) and (KPAM). I have decided to take early retirement under the Kidder, Peabody Plan....." Plaintiff does not dispute that the retirement plan was a KP Plan and that KPAM had no retirement plan.

Inasmuch as plaintiff's claims arise out of his employment or termination of employment, the court finds that plaintiff is bound to arbitrate under NYSE Rule 347. (See, *Haviland v. Goldman, Sachs & Co.,* 947 F.2d 601 (2d Cir.1991), aff'd, 736 F.Supp. 507 (S.D.N.Y.1990)); *Fleck v. E.F. Hutton Group, Inc.,* 891 F.2d 1047 (2d Cir.1989).

Plaintiff argues that he does not have to arbitrate his claims against KPAM because KPAM is not a party to the U–4 Form, and the NYSE rules do not require him to arbitrate. Based upon the facts herein, the court finds that Rule 347 is applicable to KPAM as well. This whole dispute arose out of plaintiff's employment and constructive termination thereof. All the circumstances surrounding this dispute, including plaintiff's own arguments, clearly tie KP and KPAM together for the purposes of resolving this dispute.

Moreover, the court finds that arbitration of this dispute with KPAM is mandated by Rule 600(a) of the NYSE. Rule 600(a) provides:

"Any dispute, claim or controversy between a customer or non-member and a member, allied member, member organization and/or associated person arising in connection with the business of such member,.... and/or associated person in connection with his activities as an associated person shall be arbitrated under the Constitution and Rules of the (Exchange) as provided by a duly executed and enforceable written agreement or upon the demand of the customer or non-member."

As a registered representative, and officer and employee of KP, Plaintiff is an "associated person" within the Rule's meaning (see, 15 USC section 78c(a)(18) and (a)(21); *Haviland v. Goldman, Sachs & Co.,* 947 F.2d 601 (2d Cir.1991); *Fleck v. E.F. Hutton,* supra, 891 F.2d at 1054). Even assuming, arguendo, that KPAM was not so closely allied with KP as to allow KPAM to pursue arbitration as KP could under Rule 347, KPAM, as a non-member may demand arbitration against plaintiff under Rule 600(a).

Plaintiff's argument that Rule 600(a) is inapplicable here since the "exchange-relatedness" requirement is not met in this case, is unavailing. Plaintiff's claims and defendants' defenses, arise out of plaintiff's activities as an associated person, i.e., his activities as an employee, thus the subject dispute is arbitrable under Rule 600(a). (See, *Pearce v. E.F. Hutton Group, Inc.,* 828 F.2d 826, 829).

Defendants further contend that plaintiff is bound by the U–4 Form to arbitrate all disputes arising out of his employment, or the termination thereof, including his claims of age discrimination, pursuant the New York State Human Rights Law, under the Federal Arbitration Act. (9 U.S.C. sec. 1 et seq.).

Section 2 of the FAA provides:

"A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ....shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Plaintiff argues against arbitration on the grounds that a U–4 Form is a contract

of employment and, thus, is exempt from the scope of the Federal Arbitration Act. Section 1 of the Federal Arbitration Act provides that "(n)othing herein shall apply to contracts of employment of seamen, railroad employees or any other class of workers engaged in foreign or interstate commerce." (U.S.C. Sec. 1).

Plaintiff also argues that the public policy of New York State requires a judicial remedy for claims of discrimination and that he will be deprived of his right to seek punitive damages if forced to arbitrate since under this state's law, arbitrators are prohibited from awarding punitive damages.

In a recent decision, the Supreme Court, New York County concluded that plaintiff's claim of discrimination under the State Human Rights Law must be arbitrated (Schackman, J.). It was noted that "(t)he arbitration provision at issue herein is governed by the FAA which applies to any written agreement to arbitrate where interstate commerce is involved (U.S.C. Sec. 2) and includes disputes arising out of employment in the securities market" (*Singer v. Jefferies & Co., Inc.*, 78 N.Y.2d 76, 81, 571 N.Y.S.2d 680, 575 N.E.2d 98). The "emphatic" national policy favoring arbitration is binding on state courts (*ibid;* see also *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765; *Perry v. Thomas*, 482 U.S. 483, 489–91, 107 S.Ct. 2520, 2525–26, 96 L.Ed.2d 426). (*Reid v. Goldman*, N.Y.L.J., April 22, 1992, p. 21, col. 5–6, p. 22, col. 1) That court rejected the identical argument that is put forth by plaintiff herein, i.e., that the agreement to arbitrate was part of an employment contract, and, thus, was excluded from FAA coverage.

It was correctly pointed out that a recent decision by the United States Supreme Court held that an arbitration clause identical to the one at bar "is a contract with the securities exchanges, not with the employer) (*Gilmer v. Interstate/Johnson Lane Corp.*-U.S.–(1991), —— U.S. ——, at —— – FN.2, 111 S.Ct. 1647, at 1651–FN.2, 114

L.Ed.2d 26, see also *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir. 1991)." The fact that plaintiff's claims in *Reid* were made under State law, similar to the claims at bar, did not change the result. It was noted that the New York courts must apply the FAA as interpreted by the Supreme Court. (*Singer v. Jefferies & Co. Inc.*, supra 78 N.Y.2d at 81, 571 N.Y.S.2d 680, 575 N.E.2d 98; *Flanagan v. Prudential Bache Securities Inc.*, 67 N.Y.2d 500, 505–506, 504 N.Y.S.2d 82, 495 N.E.2d 345, cert. den., 479 U.S. 931, 107 S.Ct. 402, 93 L.Ed.2d 355 (1986).

Finally, this court rejects plaintiff's argument that the potential for an award of punitive damages, mandates that all of plaintiff's claims must be determined in a judicial proceeding. When arbitrable claims may be separated from non-arbitrable claims, it is proper to separate them and to allow the arbitration to proceed (*Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679; *Sibley v. Tandy Corp.*, 543 F.2d 540, cert. den., 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82; *Fox v. Merrill Lynch & Co., Inc.*, 453 F.Supp. 561). Further, public policy prohibiting an arbitrator from awarding punitive damages does not automatically prevent all claims arbitrable under Federal law which allow punitive damages from being heard (see e.g., *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Matter of Helmsley Enterprises, Inc.* (*Lepercq, Deneuflize & Co., Inc.*, 168 A.D.2d 224, 562 N.Y.S.2d 113)). At the conclusion of the arbitration, this court may adjudge the punitive damage claim, if necessary.

Accordingly, defendants' motion to stay this action and compel arbitration is granted.

Settle judgment.