*342 OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant Salomon Brothers, Inc. (hereinafter Salomon Brothers) moves pursuant to sections 3 and 4 of the Federal Arbitration Act (FAA) (9 USC §§ 3, 4) for an order staying this action and compelling arbitration of plaintiff Winifred Harrison’s (hereinafter Harrison) claims of sex discrimination. The court deems Salomon Brothers’ motion to be made under CPLR 7503 (a) as well as under the Federal statute (see, CPLR 2001).
In her complaint, Harrison alleges that she was hired by Salomon Brothers on August 9, 1982 as a salesperson in the Equity Options and Futures Department. As required by her employment, Harrison executed a "Uniform Application for Securities Industry Registration” (hereinafter Form U-4) in order to become a registered representative with several stock exchanges, including the New York Stock Exchange (hereinafter NYSE). This Form U-4 contains a written agreement to arbitrate all employment related disputes under the rules of the NYSE. Harrison’s application was accepted and approved on August 29, 1982.
Harrison alleges that a hostile atmosphere was created by her superiors at Salomon Brothers designed to discriminate against the female employees. In May 1991, Harrison claims that the managing director of her department held a meeting at which he stated the department would be undergoing reorganization. He advised Harrison, however, that he did not know if there would be a place for her in the reorganized department. Harrison further alleges that during her tenure at Salomon Brothers she received less in total compensation than equally or less qualified men for the same job, solely because she was a female.
On September 25, 1991, Harrison tendered her resignation. She claims that she was further discriminated against because she received no severance pay and did not receive any part of her bonus for 1991. Harrison filed her complaint on May 26, 1992 alleging violations of section 296 of the Executive Law (Human Rights Law) and sections 191, 194, and 198 of the Labor Law. Harrison seeks in excess of $2,000,000 in compensatory and punitive damages.
In support of its motion, Salomon Brothers contends that by signing the Form U-4, Harrison agreed to submit her claims *343 to arbitration and, that pursuant to the FAA, this court is bound to enforce that arbitration agreement.
Section 2 of the FAA provides, in relevant part: "A written provision in any * * * contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract.” (9 USC § 2.) In addition, section 3 of the FAA requires courts to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.” (9 USC §3.) Congress adopted the FAA to insure that courts would vigorously enforce private agreements to arbitrate (Dean Witter Reynolds v Byrd, 470 US 213, 219, 221 [1985]) and it establishes an emphatic national policy favoring arbitration which is binding on all courts, State and Federal (Moses H Cone Hosp. v Mercury Constr. Corp., 460 US 1, 24 [1983]; Singer v Jeffries & Co., 78 NY2d 76, 81). Thus, if a civil complaint presenting only State statutory violations comes within the scope of a broad arbitration agreement, the court must enforce the agreement pursuant to the FAA (Singer v Jeffries & Co., supra, at 81-82).
form u-4
The Form U-4 Harrison executed provided, among other things, that she "agree[d] to arbitrate any dispute, claim or controversy that may arise between [her] and [her] firm * * * required to be arbitrated under the rules, constitution or bylaws of the organizations with which [she] registered], as indicated in Question 8.” In question 8, Harrison applied for registration with several self-regulating organizations, including the NYSE.
Rule 347 of the rules of the NYSE provides that "[a]ny controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative * * * shall be settled by arbitration.” (2 New York Stock Exchange Guide [CCH] [j 2347 [1988].)
Harrison opposes arbitration on the ground that by signing Form U-4 she agreed only to arbitrate disputes regarding the purchase and sale of securities, and further, that she was not told that Form U-4 precluded her from commencing an action for sex discrimination.
First, it is undisputed that Harrison is a "registered repre *344 sentative” and that Salomon Brothers is a "member organization” within the meaning of NYSE rule 347. It is also undisputed that Harrison’s claims of sexual discrimination "[arose] out of [her] employment” with Salomon Brothers. Harrison’s argument that she did not know she was giving up her right to bring an action is belied by her signature on the Form U-4 where she attested that she had "read and understood” the form. By the written terms of Form U-4, Harrison clearly obligated herself to arbitrate all disputes between herself and Salomon Brothers. Moreover, the Form U-4 contains Harrison’s employment history which reflects that she is an experienced businesswoman who has worked in the securities industry for many years. As such, the court determines her arguments as to her understanding of the form to be without merit.
EXEMPTION
Harrison contends that because she had to sign Form U-4 as a condition of her employment, the agreement constitutes part of her employment contract and thus is excluded from the provisions of the FAA.
Section 1 of the FAA provides a specific exemption from arbitration. That section states: "[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.” (9 USC § 1.) Thus, if an agreement to arbitrate is part of a contract of employment of a worker involved in interstate commerce, section 1 exempts from arbitration any claims arising out of that employment.
The United States Supreme Court recently decided a case involving an arbitration clause contained in a Form U-4 securities registration application. In Gilmer v Interstate/ Johnson Lane Corp. (500 US —, 111 S Ct 1647 [1991]), the Supreme Court declined to reach the issues of the applicability of the FAA to employment contracts since the arbitration agreement in that case was contained in a "securities registration application, which is a contract with the securities exchanges, not with [the employer].” (Supra, 500 US, at —, n 2, 111 S Ct, at 1651-1652, n 2.) There is no reason for this court to hold differently in the instant case since Harrison’s securities registration application is the same Form U-4, with the same arbitration clause, enforced by the Supreme Court in Gilmer. Harrison’s argument that footnote 2 in Gilmer is merely "dictum” and should not be followed is without merit *345 in light of the fact that this finding has been followed and found to be controlling in subsequent Federal and State court decisions in which discrimination claims have been held arbitrable under a Form U-4 (see, Haviland v Goldman, Sachs & Co., 947 F2d 601, 607 [2d Cir 1991], cert denied — US —, 112 S Ct 1995; Alford v Dean Witter Reynolds, 939 F2d 229, 230, n 1 [5th Cir 1991]; Willis v Dean Witter Reynolds, 948 F2d 305, 312 [6th Cir 1991]; Chisolm v Kidder, Peabody Asset Mgt., 810 F Supp 479, 481 [SD NY, May 28, 1992, Motley, J.]; Reid v Goldman, Sachs & Co., 154 Misc 2d 756; cf., Sokalski v Societe Generate Sec. Corp., NYLJ, Nov. 14, 1991, at 25, col 2). Finally, Harrison argues that it is improper to apply the rule in Gilmer retroactively, since she signed Form U-4 in 1982 and Gilmer was only recently decided. Harrison’s characterization of the Gilmer decision as a new rule is misguided, however, since it represented only a clarification of the application of existing law to the Form U-4 agreements.
Thus, because the arbitration clause in Harrison’s Form U-4 is not part of her contract of employment with Salomon Brothers, it does not fall within the exemption from arbitration contained in 9 USC § 1. Therefore, Harrison’s dispute arising out of her employment in the securities market is subject to arbitration pursuant to the arbitration agreement enforceable under the FAA (see, Singer v Jeffries & Co., 78 NY2d 76, 81, supra).
Accordingly, the motion to compel arbitration is granted and this action is stayed pending the outcome of arbitration.