Vincent A. Lupiano, J.
Defendant moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice contending that the plaintiff has no standing to sue, the complaint does not plead the occurrence of a condition precedent and specific performance does not lie because plaintiff has an adequate remedy at law.
The agreement in suit is signed by the defendant. It is not signed by the plaintiff. Oral proof is admissible to establish the identity of the parties intended to be bound. In addition, a contract on behalf of plaintiff may be interpolated into the agreement (Douchkess v. Campbell, 64 N. Y. S. 2d 554, affd. 272 App. Div. 795, motion for leave to appeal denied 272 App. Div. 961). The agreement is signed by plaintiff’s president and the letter of the defendant embodying it is directed to plaintiff’s president, so designated. The letter of withdrawal is directed to the president and to the corporation. The proposed sale was of all the outstanding stock if consents were available and, if not, of all the assets of the corporation.
The allegation of due performance is bad in form both because it is hypothetical and alternative. It is alleged that both plaintiff and the individual stockholders who signed the agreement have performed. Plaintiff must be able to recover on both alternatives. This it cannot do if the individuals have complied by securing the 100% stockholder consent, for in that event plaintiff has no cause.
With respect to the alleged lack of adequate remedy at law, it appears that by reason of the acts of the defendant over a considerable period after contract, if plaintiff is remitted to the recovery of damage for breach of contract, it will be left not with the business contracted to be sold but with one whose value and reputation have suffered material and substantial damage because of those acts and by which, in addition, the defendant has been competitively advantaged. Plaintiff has thus brought itself into equity upon at least a colorable claim.
The motion is granted because of the deficiency in pleading due performance as indicated, and the complaint is dismissed with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.