■ In the Matter of the Arbitration between GROVAL KNITTED FABRICS, INC., et al., Appellants, and FRED ALCOTT, Respondent.— Order and judgment (one paper), Supreme Court, New York County entered on December 21, 1971, dismissing the petition for a stay of arbitration and directing arbitration to proceed, affirmed on the opinion at Trial Term. Respondent shall recover of appellants $30 costs and disbursements of this appeal. Concur — Markewich, J. P., Kupferman and Capozzoli, JJ.; Nunez and Steuer, JJ., dissent in the following memorandum by Steuer, J.: The petitioner seeks to stay arbitration under two contracts. We agree with Special Term and the majority that arbitration under the contract of 1959 should be had. We disagree as to the contract of 1964 and believe arbitration under that contract should be stayed. It is axiomatic that arbitration is consequent upon an agreement to arbitrate and no one can be forced to arbitrate with one whom he has not contracted to do so (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288). Here the respondent seeks arbitration under two contracts executed five years apart. Under the earlier, he was a party and no question as to his personal right is presented. He was not a signatory to the second contract, which also included a party not involved in the earlier contract. His claim of right to arbitrate is that he is a third-party beneficiary of the later contract. An examination of that contract reveals that he enjoyed no such status. The 1964 agreement has three signatories: Garden State Laminating, Inc. (hereinafter Garden), Groval Knitted Fabrics, Inc. (hereinafter Groval) and Louis Pantano. The contract is in essence a stockholders agreement between Groval and Pantano, the stockholders of Garden. Respondent's claim that he is a third-party beneficiary stems from a clause in the contract which provides that Groval may appoint a designee or designees who shall devote as much time as necessary to the business of Garden, and Garden shall pay them in the aggregate $12,000. Respondent was one of the persons thereafter designated by

Groval. The designees have no tenure under the contract and, as far as the contract is concerned, served at the pleasure of Groval. A designee under the contract is no more a beneficiary than would be any employee of either Groval or Garden. The contract was clearly not entered into for respondent's benefit, and the mere fact that he happened to draw a salary pursuant to its terms does not make him a beneficiary (*Durnherr* v. *Rau*, 135 N. Y. 219). The clause in question was for the benefit of Groval and the contract's objective, clearly defined, does not embrace respondent at all. As such, he is not a beneficiary (*Tomaso, Feitner & Lane* v. *Brown*, 4 N Y 2d 391). We believe that the real ground for holding the respondent entitled to arbitrate under the 1964 agreement is that he is entitled to arbitrate under the 1959 agreement and that judicial economy would recommend disposition of all disputes by the same forum. Pragmatic as this argument may be, it is still impermissible. No one can be thrust into arbitration by any such consideration, or by any other than a clear intention to arbitrate (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288, *supra*; *Tanbro Fabrics Corp.* v. *Deering Milliken*, 35 A D 2d 469; *Matter of Doughboy Ind.* [*Pantasote Co.*], 17 A D 2d 216). The order should be modified accordingly.