■ In the Matter of the Arbitration between JEFF LANE, Respondent-Appellant, and COLLIDGE ABEL-BEY, Appellant-Respondent, FRED FRANK et al., Respondents.—Judgment (erroneously denominated an order) of the Supreme Court, New York County, entered April 3, 1978, insofar as it granted petitioner's application to stay the arbitration with respect to the issues raised by paragraphs 2 and 3 of schedule A annexed to the demand for arbitration dated November 16, 1977, and denied the application to stay the arbitration with regard to paragraph 1 of schedule A, unanimously modified, on the law, to deny the application to stay arbitration on the issues raised by said paragraphs 2 and 3 of schedule A, and otherwise affirmed, with costs and disbursements to respondent-appellant-respondent Abel-Bey. The stockholders' agreement executed by all the parties to this proceeding except respondent-respondent Moondock Productions, Inc., encompasses, *inter alia,* provisions for the purchase, sale and transferability of the stock of the corporation; for the election of each of the party-stockholders or their designees as directors and officers; for an employment agreement to be entered into by the corporation for the nonexclusive services of each party-stockholder in a specifically designated capacity; and for all corporate checks, loans, orders of payment and debts to require the signature of certain of the party-stockholders as provided in said stockholders' agreement. Paragraph 11 of the agreement stipulated that "All disputes arising in connection with this agreement shall be finally settled by arbitration." The claims for which arbitration is sought are threefold: The first

involves the failure of the corporation to comply with a mandate of the stockholders' agreement to enter into an employment agreement with respondent-appellant Abel-Bey; the second and third relate to excessive compensation and improper payments by the corporation to the party-stockholders other than Abel-Bey, or to entities owned or controlled by them. We find that there is a reasonable relationship between the dispute and the subject matter of the underlying agreement to warrant the application of the agreement's arbitration clause (see *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95, 96; *Siegel v Ribak,* 43 Misc 2d 7, 12). We do not agree with petitioner's argument that, because the second and third claims are in the nature of derivative suits, public policy precludes arbitration of such claims (cf. *Matter of Diamond,* 80 NYS2d 465, affd 274 App Div 762). We are not concerned here with claims relating to the business conduct of a publicly held corporation, but rather with such claims addressed to the business conduct of a close corporation. Arbitration of claims of a derivative nature are not against public policy in a close corporation *(Siegel v Ribak, supra; Matter of Carl [Weissman],* 263 App Div 887). The contention of petitioner that respondent-appellant Abel-Bey's claim based upon the corporation's failure to enter into an employment agreement with Abel-Bey is not arbitrable because that clause in the stockholders' agreement provides merely for "an agreement to agree" is without merit. Under CPLR 7501, "the court *shall not* consider whether the claim with reference to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." (Emphasis added.) Arbitrability and enforceability are not synonymous. The dispute comes within the scope of the arbitration provision. The determination as to whether the claim is tenable or meritorious is solely for the arbitrators and not the courts *(Matter of Wilaka Constr. Co. [New York City Housing Auth.],* 17 NY2d 195, 204). Although Moondock Productions, Inc., failed to execute the agreement which contains the provision to arbitrate, Moondock is so bound. Where all the stockholders of a close corporation sign a stockholders' agreement, the courts will enforce their agreement *(Clark v Dodge,* 269 NY 410, 415, 416; Business Corporation Law, § 615, subd [b]; and § 620, subd [a]). This rule is applicable even where stockholders have executed the agreement but the corporation has not *(Kolmer-Marcus, Inc. v Winer,* 32 AD2d 763, affd 26 NY2d 795). Concur—Birns, J. P., Fein, Sullivan, Markewich and Silverman, JJ.