OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The individual parties to this litigation, being the holders of all of the outstanding shares of the corporate respondent, executed a stockholders’ agreement imposing restrictions on the disposition of their shares of corporate stock and making provisions with respect to the election of directors and the management of the corporation and as to the compensation to be paid to each of the shareholders as corporate employees. The agreement recited that thé corporation was a party, but it was never executed on behalf of the corporation. In addition to its substantive provisions, the agreement contained a broad arbitration clause — "All disputes arising in connection with this agreement shall be finally settled by arbitration”.
Differences having arisen between one of the shareholders, Dr. Abel-Bey, and the others as to the failure of the corporation to have entered into an employment contract with Dr. Abel-Bey and with respect to compensation and other amounts paid by the corporation to the others, Dr. Abel-Bey duly served a demand for arbitration with the appropriate statutory notice. The demand was addressed to the other three shareholders and to the corporation. Petitioner, individually, made á timely application for a stay of arbitration on the grounds that the corporation was not a party to the agreement to arbitrate and that the three claims sought to be *866 arbitrated were not within the scope of the arbitration agreement. Supreme Court denied the application with respect to the first claim, but granted it as to the other two claims. The Appellate Division modified by denying the stay as to the other two claims. We now affirm.
Whether the corporation was bound by the arbitration agreement of all its shareholders was a threshold question. Inasmuch as this question was not raised by the corporation in a timely application for a stay, that issue may not now be raised by the corporation or by anyone on its behalf (CPLR 7503, subd [c]).
We agree with the Appellate Division that all three claims fall within the scope of the arbitration agreement and that no considerations of public policy preclude their submission to arbitration.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.