■ DENNIS McSPEDON, as President of Local Union No. 3, International Brotherhood of Electrical Workers, AFL-CIO, Appellant, v PROFILE ELECTRIC, INC., Respondent.—In a proceeding in which the petitioner moved to stay arbitration while the respondent cross-moved to compel arbitration pursuant to a collective bargaining agreement of a labor dispute, the petitioner appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 29, 1987, which denied the motion and granted the cross motion.

Ordered that the order is affirmed, with costs.

In order to implement the terms of a contract between the respondent, Profile Electric, Inc. (hereinafter Profile), and New York City relative to installation and maintenance of street lights and traffic signals, Profile entered into a collective bargaining agreement with petitioner president of Local Union No. 3, International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the union), to be effective from July 1, 1983 until June 30, 1986. In article X of the collective bargaining agreement, the parties agreed to submit "any dispute" to arbitration, if efforts to negotiate failed.

The respondent expressed frequent dissatisfaction during the contract period with the quantity and quality of the labor being supplied by the union, which was allegedly causing the respondent to fall behind its city contract deadlines. On March 26, 1986, the respondent ceased employing union members. Following an unsuccessful effort to serve the union with

a notice of intention to arbitrate by certified mail in June 1986 the respondent finally managed to serve the notice on the union at its office in July 1986. The Supreme Court, Queens County, by order dated October 28, 1986, stayed arbitration on the ground that this notice failed to specify which provision or provisions of the contract the union had allegedly breached.

In December of 1986 the respondent served another notice on the union alleging that its breach lay in its failure to supply the respondent with sufficient, qualified men to enable the respondent to satisfactorily carry out its contract with the city. The union moved once again to stay arbitration, arguing that the collective bargaining agreement contained no explicit provision obligating it to supply the respondent with "sufficient and qualified men", so that breach of a nonexistent provision was impossible. The Supreme Court ruled otherwise, finding that there appeared to be a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract to require, given the existence of a broadly worded arbitration clause, that the dispute be submitted to arbitration. We agree.

The Supreme Court properly appreciated its role to be a threshold one. Bearing in mind that "the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties", the basic function of the court in a matter like the instant one is to "determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95, 96). Given the presence of a broad arbitration clause in the instant contract, agreeing to submit "any dispute" between the employer and the union during the term of their contract to arbitration, it only remains to determine whether the grievance alleged by the respondent falls within the ambit of the contract so as to make it arbitrable. The standard enunciated by the Court of Appeals in *Nationwide,* is that when "it appears that there is * * * a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., supra,* at 96). In the instant case there is no question that "the general subject matter of the underlying contract" is an exchange of union labor for consideration by the respondent in order to effectuate the terms of a contract between the

respondent and the city. The "subject matter of the dispute" is the respondent's allegation that the union failed to supply adequate labor to meet the respondent's contractual needs. There is therefore a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract". *(Supra,* at 96.) Whether or not there is any merit to the respondent's substantive claim is for the arbitrators to decide, since a "claim need not be tenable in order to be arbitrable" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., supra,* at 96).

The issue of when and how the contract was terminated, as well as the effects, if any, of that termination on the merits of the respondent's claim, is also for the arbitrators to decide *(see, Rochdale Vil. v Public Serv. Employees Union,* 605 F2d 1290).

The petitioner has raised no question of fact entitling it to a jury trial as an alternative to arbitration. The issue in *Anthony Drugs v Local 1199* (34 AD2d 788), where the court granted the petitioner a jury trial, was "whether or not there was a valid agreement to arbitrate". There is no question in the instant case that the contract contains a valid agreement to arbitrate "any dispute". Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.