■ In the Matter of SOOSHA B. MARKS et al., Appellants, v MARC PRISANT et al., Respondents.—In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the petitioners appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 8, 1989, which denied the application and granted the respondents' cross motion to compel arbitration and disqualify the petitioners' counsel.

Ordered that the order is affirmed, with costs.

There is a broad arbitration clause in the parties' contract providing that "[a]ny disputes, claims, differences or controversies arising out of" the agreement be submitted to arbitration. The issue here is whether the grievance of the respondents falls within the ambit of the agreement to make it arbitrable *(see, McSpedon v Profile Elec.,* 137 AD2d 669). The agreement was a general partnership agreement pertaining to the creation, management and operation of partnership property. The subject matter of the dispute is the respondents' allegations that the petitioner Marks was not acting in the best interests of the partnership, that she breached her fiduciary duties, and that she breached paragraph 6 of the agreement which provided that all matters dealing with the management and operation of the partnership's business be by mutual agreement of the partners. Accordingly, there is a reasonable relationship between the subject matter of the agreement and the subject matter of the dispute among the parties. Whether or not there is any merit to the respondents' substantive claim is for the arbitrator to decide, since a " 'claim need not be tenable in order to be arbitrable' " *(McSpedon v Profile Elec., supra,* at 671, citing *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96).

Moreover, the disqualification of the petitioners' attorney was proper since an attorney must avoid not only the fact, but

also the appearance of representing conflicting interests *(see, Horowitz v Horowitz,* 151 AD2d 646). Lawrence, J. P., Eiber, Harwood and Miller, JJ., concur.