■ MICHAEL MARESCA, Individually and as a Shareholder of Petrolac Petroleum, Inc., Suing on Behalf of Himself and in the Right of Petrolac Petroleum, Inc., Appellant, v JOHN LA CERTOSA et al., Respondents.—In a shareholders' derivative action, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated January 4, 1990, which granted the defendants' motion to stay the action and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Marie La Certosa each own 50% of Petrolac Petroleum, Inc., of which the defendant John La Certosa is president and chief operating officer. A shareholders' agreement executed by plaintiff and the defendant Marie La Certosa, and by the defendant John La Certosa in his corporate capacity, contains a clause which provides that "[a]ny dispute or controversy between the parties relating to or arising out of the affairs of the Corporation or this Agreement" shall be determined by arbitration. The plaintiff claims that the defendants have breached fiduciary duties to the corporation by committing waste and conversion of corporate assets, and further claims that they breached certain provisions of the agreement as to how the corporation would be managed. The defendants successfully moved before Supreme Court for a stay of the derivative action and to compel arbitration of the plaintiff's claims.

Each defendant, as a signatory to the shareholders' agree-

ment, had a right to demand arbitration *(see,* CPLR 7503 [a]; *see also, Matter of Groval Knitted Fabrics [Alcott],* 72 Misc 2d 513, *affd* 39 AD2d 524, *affd* 31 NY2d 796). Moreover, arbitration of claims of a derivative nature is not against public policy *(see, Matter of GAF Corp.,* 66 NY2d 97, *cert denied* 475 US 1083; *Matter of Lane [Abel-Bey],* 70 AD2d 838, *affd* 50 NY2d 864; *see also, Henry v Suffolk Home Distrib.,* 118 AD2d 685). Since it appears that the subject matter of the agreement containing the arbitration clause and the dispute between its signatories are reasonably related *(see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96), the Supreme Court properly directed that the parties proceed to arbitration.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.