■ NORMAN BLATT, Appellant, v EZRA SOCHET et al., Respondents, et al., Defendant. [606 NYS2d 11] —In an action, inter alia, to recover damages for misappropriation of corporate stock, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), entered May 7, 1991, as (1) denied his motion for a preliminary injunction barring the sale of certain real prop-

erty, (2) denied his separate motion for a stay of rabbinical arbitration, (3) granted the cross motion of the defendants Ezra Sochet, E & N Enterprises, Inc., and 3820 14th Avenue Realty Corp., to dismiss the complaint insofar as it is asserted against them, and (4) directed that the issue of the plaintiff's status as a shareholder be settled by arbitration.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the plaintiff's motion which was to stay rabbinical arbitration, and granting the cross motion, and substituting therefor provisions granting that branch of the motion and permanently staying the rabbinical arbitration, and denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that pending arbitration pursuant to the rules of the American Arbitration Association, prosecution of the action against the respondents is stayed.

On October 25, 1972, pursuant to a written and executed agreement, the defendant Ezra Sochet agreed to sell the plaintiff Norman Blatt 10% of the issued and outstanding shares of the defendant Alpha Electronics, Inc. (hereinafter Alpha) for $36,000. The shares were to be delivered upon payment, but no time was stated by which payment was to be made. The agreement also provided that upon final payment, 10% of Alpha's authorized shares would be issued to Blatt, each would have a right of first refusal should the other wish to sell his shares, and that Blatt would become Secretary and a director of Alpha. The agreement contained the following two provisions:

"6. The stock of the corporation cannot be readily purchased or sold in the open market, and for that reason, among others the parties will be irreparably damaged in the event that this agreement is not specifically enforced. Should any dispute arise concerning the sale or disposition of the stock, such right or obligation shall be enforceable in a court of equity by a decree of specific performance and such remedy shall be cumulative and not exclusive and shall be in addition to any other remedy which the parties may have * * *

"8. Any controversy arising under this agreement shall be settled by arbitration under the rules then obtaining of the American Arbitration Association".

In 1974, the defendant E & N Enterprises, Inc., was formed to own and manage real property that Alpha owned in Brooklyn. In 1982, the defendant 3820 14th Avenue Realty Corp.

was formed to own and manage a real property owned by Alpha at the 14th Avenue address in Brooklyn.

In 1990, Sochet sent Blatt a letter stating that since Blatt had not paid for all his Alpha shares in full pursuant to the 1972 agreement, that agreement was null and void. Blatt thereafter commenced this action in his capacities as a shareholder, officer, and director, and sought a preliminary injunction against the sale of certain real property by Alpha. Sochet and the corporate defendants cross-moved to dismiss, arguing, among other things, that arbitration was Blatt's sole avenue of relief under the 1972 agreement. Subsequently, Sochet served Blatt with a summons to rabbinical arbitration, and Blatt moved to stay that rabbinical arbitration.

There is a strong State policy of giving broad full effect to arbitration clauses (see, Bayly, Martin & Fay v Glaser, 92 AD2d 850, affd 60 NY2d 577; Matter of Weinrott [Carp], 32 NY2d 190). Where, as in paragraph 8, quoted above, there is a broad arbitration agreement, the scope of the arbitration clause is determinable by arbitration (see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., 37 NY2d 91). "Once the courts have performed the 'initial screening process', determining that the parties have agreed to arbitrate the subject matter in dispute, their role has ended" (Matter of Praetorian Realty Corp. [Presidential Towers Residence], 40 NY2d 897, 898). We agree with the trial court that arbitration under the rules of the American Arbitration Association, as called for in paragraph 8, is the appropriate avenue of relief to determine the issue of Blatt's status as a shareholder under the 1972 agreement. However, the remaining issues involved in this case do not arise from the 1972 agreement, and thus do not fall within the scope of the arbitration clause. The rabbinical arbitration should be permanently stayed, as the parties' agreement does not contemplate rabbinical arbitration.

The trial court erred in dismissing, rather than merely staying, the action pending arbitration. The plaintiff has clearly stated causes of action, and an agreement to arbitrate is not a defense and cannot be the basis for a motion to dismiss (see, Allied Bldg. Inspectors Intl. Union of Operating Engrs. v Office of Labor Relations, 45 NY2d 735).

We have considered Blatt's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.