■ In the Matter of the Arbitration between CALVIN KLEIN, INC., Appellant, and G.P. WINTER ASSOCIATES, INC., Respondent. [611 NYS2d 549] —Judgment, Supreme Court, New York County (Milton L. Williams, J.), entered December 1, 1992, which granted a petition to stay arbitration, denied respondent's cross motion to compel arbitration, but permitted respondent to commence arbitration anew on a properly submitted claim within ten days, unanimously reversed, on the law and the facts, the petition for stay is denied and the cross motion to compel arbitration is granted, with costs.

Respondent sought arbitration of a construction contract dispute involving petitioner's refusal to pay for work completed. The petition to stay was grounded on respondent's alleged failure to comply with certain conditions precedent to arbitration, namely, the requirement to refer all claims initially to the project architect, and to make all such claims in a timely fashion. The time limit for making such a claim was established as "promptly—best efforts * * * within 21 days" of the condition giving rise to the claim.

In granting the petition, the IAS Court conceded that the untimely submitted claim was not waived, and thus respondent should have an opportunity to resubmit its claim to the architect in proper form within ten days. Petitioner appeals the court's refusal to stay arbitration permanently.

Conditions precedent to arbitration are matters for court interpretation, but such a rule cannot be applied *in vacuo.* What is occasionally termed a condition precedent is often a circumstance inextricably bound up in the substantive contractual relations between the parties, in which case it would properly fall within the jurisdiction of the arbitrator *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1).

Although there was evidence that petitioner's failure to pay

had been brought to the attention of the architect, the latter was apparently never solicited for a ruling. Furthermore, the record reveals that the delay in making such a formal submission to the architect was due to petitioner's urging of respondent to complete a portion of the work before lodging any pay-related complaints. Petitioner even made a partial payment at one point, which implicitly acknowledged that whatever controversy existed between the parties had clearly moved beyond the preliminary (architect ruling) phase—the area where a condition precedent existed—and into the realm of substantive controversy. The failure to file a formal notice within 21 days, and the reason for such alleged lapse, were failures of conditions inextricably bound up with questions of contract performance, and thus were issues for arbitration *(Matter of Spencer-Van Etten Cent. School Dist. [Auchinachie & Sons],* 179 AD2d 855, *lv denied* 79 NY2d 759).

Respondent was clearly entitled to proceed to arbitration, and we grant such relief, even in the absence of a cross appeal. Concur—Carro, J. P., Rosenberger, Wallach and Kupferman, JJ.