OPINION OF THE COURT
Joan B. Lefkowitz, J.
Plaintiff sues to recover the book value of her deceased *961 husband’s share in the defendant law firm, a professional corporation. Apart from claims of fraud and duress, to prevail herein the plaintiff must prove that the agreement made by all of the shareholders and officers of the corporation, shortly before her husband’s demise, was in violation of positive statutory authority and wholly illegal. (Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124 [1992].)
Plaintiff moves for partial summary judgment to strike the affirmative defenses and counterclaims. Defendants cross-move for summary judgment dismissing the complaint.
Plaintiff contends that the agreement among all of the shareholders and officers of the corporation is illegal and void by reason of the fact that the corporation itself was not a party thereto as required under section 1510 (a) of the Business Corporation Law. That section provides in pertinent part that in a case of a professional corporation, the shares of a deceased shareholder shall be redeemed within six months after the appointment of the executor "at the book value of such shares.” However, the section also provides that: "The certificate of incorporation, the by-laws of the corporation or an agreement among the corporation and all shareholders may modify this section by providing for * * * an alternate method of determining the price to be paid for the shares.”
"[A] contract by a corporate officer or agent need not be made and signed in the name of the corporation to render the corporation liable thereon”. (15 NY Jur 2d, Business Relationships, § 906, at 152; see, E. Errett Smith, Inc. v Gibson Art Co., 15 Misc 2d 504, 505 [Sup Ct, NY County 1958]; Noble v McKinley, 72 NYS2d 515, 518 [Sup Ct, Jefferson County 1947]; 7 Fletcher, Cyclopedia of Corporations §§ 3027, 3037.)
At bar, the parties agree that neither the certificate of incorporation nor bylaws provide for an alternate method of determining the price of the deceased’s shares. The agreement of February 27, 1987 does so provide. The agreement recites that it is made by the four named shareholders and officers, refers to the professional corporation as "the Firm” and provides in Article II that "the Firm” will pay the estate of a deceased shareholder 75% of his annual base salary as of date of death over a period of two years. As noted, the agreement was signed by the four shareholders who constituted the professional corporation.
Shareholders may all agree among themselves how to conduct the corporation’s business even if such an agreement *962 infringes upon statutes to the contrary, as long as public policy is not offended. (Clark v Dodge, 269 NY 410, 415-416 [1936]; 3 White, New York Corporations § 620.01 [1] [a].) That being so, the courts have enforced an agreement made by all shareholders as binding on the corporation, though the corporation did not sign it. (Matter of Lane [Abel-Bey], 70 AD2d 838 [1st Dept 1979], affd 50 NY2d 864 [1980] [decision on issue not properly presented for Court of Appeals to address it].) Where, as here, the agreement clearly is intended to bind the corporation and it is referred to in the agreement, wherein responsibilities and obligations are placed on it, the agreement is binding on the corporation as if it were a signatory. (Jackson v Walsh, 3 Johns 225 [1807]; see, Nocca v Pierce, Fenner & Smith, NYLJ, June 15, 1995, at 37, col 6 [Sup Ct, Westchester County].) Therefore, the court does not find the agreement invalid by reason of the purported violation of section 1510 (a) of the Business Corporation Law.
Accordingly, plaintiff’s motion for partial summary judgment is denied. Similarly, however, the cross motion is denied as triable issues of fact exist, inter alla, whether plaintiff has been fully paid and whether the agreement was obtained by fraud or duress.