■ DAZCO HEATING AND AIR CONDITIONING CORP., Respondent, v C.B.C. INDUSTRIES, INC., et al., Appellants. [639 NYS2d 99] ■

The plaintiff brought this action to recover damages for breach of contract. The defendants moved to compel arbitration of the matter pursuant to the contract, which provided that "[a]ll disputes, except as otherwise provided * * * which may arise out of this [contract] shall be submitted to arbitration". The court denied the motion, finding that the arbitration provision did not apply because the defendants' termination of the contract did not arise within the terms of the contract itself.

It is well settled that on a motion to compel or stay arbitration, the court must determine, among other things, whether the parties made a valid agreement to arbitrate, and if so, whether the agreement has been complied with *(Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 202, cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, — US —, 116 S Ct 59)*. Once it is determined that the parties have agreed to arbitrate the subject matter in dispute, the court's role has ended and it may not address the merits of the particular claims *(see, Matter of Praetorian Realty Corp. [Presidential Towers Residence], 40 NY2d 897, 898; Matter of Prinze [Jonas], 38 NY2d 570, 577; Stadier v Findley, 148 AD2d 600)*. The issue raised on the present appeal is whether

the underlying dispute is encompassed within the arbitration clause.

In resolving this issue, it must be determined whether there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96; *see, Maresca v La Certosa,* 172 AD2d 725, 726; *Matter of Marks v Prisant,* 171 AD2d 665). Further, we note that the subject arbitration clause is a broad, rather than narrow, one, and as such, it "should be given the full effect of its wording in order to implement the intention of the parties" *(Matter of Weinrott [Carp],* 32 NY2d 190, 199; *see, Blatt v Sochet,* 199 AD2d 451, 453). Additionally, it is well settled that "[a]rbitration is a favored method of dispute resolution in New York" *(Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88, 93; *see, Matter of Weinrott [Carp], supra; Matter of Prinze [Jonas], supra).*

Since this action is based on the defendants' alleged refusal to allow the plaintiff to perform under the contract, we conclude that there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., supra).* Therefore, the court should have directed the parties to proceed to arbitration and stayed the present action *(see, Baron v Michael Design,* 202 AD2d 383; *Blatt v Sochet, supra).*

The court properly granted the plaintiff's cross motion for the additional costs of serving the defendants by alternative means after the defendants failed to answer or complete the acknowledgement of receipt of service by mail *(see,* CPLR 312-a [f]; Alexander, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C312-a:5, 1996 Pocket Part, at 131). Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.