■ GILBERT C. HEIM et al., Respondents, v MERRITT-MERIDIAN CORPORATION, Appellant. (And a Third-Party Action.) [654 NYS2d 570] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Rudolph, J.), dated January 11, 1996, which denied its motion to disqualify the law firm of MacCartney, MacCartney, Kerrigan & MacCartney as attorneys for the plaintiffs.

Ordered that the order is affirmed, with costs.

Although "an attorney must avoid even the appearance of a conflict of interest" (*Rose Ocko Found. v Liebovitz*, 155 AD2d 426, 427; *see, Solow v Grace & Co.*, 83 NY2d 303, 308; *Cardinale v Golinello*, 43 NY2d 288, 296; Code of Professional Responsibility Canon 9), "a party's entitlement to be represented in ongoing litigation by counsel of his own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437; *Matter of Abrams [Anonymous]*, 62 NY2d 183)" (*Feeley v Midas Props.*,

199 AD2d 238). When all significant interests are balanced, and the totality of the circumstances considered (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra*, at 444; *Matter of Schachenmayr v Town of N. Elba Bd. of Assessors*, 221 AD2d 884, 885-886), the defendant's motion to disqualify the plaintiffs' attorney was properly denied. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.