■ JOSEPH W. WORTHINGTON et al., Respondents, v PEACOCK DEVELOPMENT et al., Defendants, and R.P.C. MAIN STREET CORP., Appellant. [672 NYS2d 780] —In an action, *inter alia*, for a judgment declaring that all of the lots in the subdivision known as "Rhinebeck Estates" in Rhinebeck, New York, are bound by certain restrictions, the defendant R.P.C. Main Street Corp. appeals from (1) a decision of the Supreme Court, Dutchess County (Bernhard, J.), entered March 19, 1997, and (2) an order of the same court, dated June 3, 1997, which, *inter alia*, granted the plaintiffs' motion for a preliminary injunction enjoining the appellant, among others, from selling any lots in the subdivision without the lots being subject to and bound by the restrictions and, in effect, denied the appellant's cross motion, *inter alia*, to stay the action and compel arbitration.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the order is modified, on the law, by deleting therefrom the provision, in effect, denying that branch of the appellant's cross motion which was to stay the action and compel arbitration, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in failing to grant that branch of the appellant's cross motion which was to stay the action and compel arbitration (*see,* CPLR 7503 [a]; *Dazco Heating & Air Conditioning Corp. v C.B.C. Indus.*, 225 AD2d 578; *Blatt v Sochet*, 199 AD2d 451). However, the plaintiffs are entitled to a preliminary injunction since the award to which they may be entitled may be rendered ineffectual without such provisional relief (*see,* CPLR 7502 [c]).

The appellant's remaining contentions lack merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.