■ BENEDICT P. MORELLI, Respondent, v WILLIAM DINKES, Appellant. [673 NYS2d 427] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about December 19, 1997, granting, *inter alia*, plaintiff renewal of a prior motion by defendant granted by an order of the same court (Emily Goodman, J.), entered on or about May 15, 1997, to the extent of, *inter alia*, staying the action, directing the parties to proceed to arbitration and sealing the record, and, upon renewal, vacating the prior order and denying the motion, unanimously modified, to grant defendant's motion to stay the action and direct the parties to arbitration, and otherwise affirmed, without costs.

The parties maintained an at-will law partnership until 1991, when they entered a partnership agreement that governed office administration and operation of the partnership, the respective responsibilities of the parties, the division of profits and partnership draw and dissolution, with the parties agreeing that any and all disputes arising under the agreement would be resolved by arbitration. In 1996, the parties entered another agreement governing their respective rights in the partnership that explicitly nullified all prior agreements concerning ownership or operation of the firm. The 1996 agreement provided that, except for death or disability of either partner, dissolution was governed by this agreement, but that plaintiff could not seek dissolution prior to April 1, 2002. This agreement also provided that "[a]ny dispute arising out of or relating to any provisions of this contract, or the breach thereof, shall be settled by binding arbitration."

Subsequent to execution of the 1996 agreement, relations between the parties deteriorated, resulting in plaintiff's commencement of the action for a judicial dissolution under Partnership Law § 63 (1) (c), as well as for breaches of the partnership agreement and fiduciary duty. Defendant, responding that plaintiff thereby violated the 1996 agreement and demanding that the default be cured, moved by order to show cause to stay the judicial action, seal the record and give effect to the agreement's arbitration clause and for sanctions. In the first order, the court stayed the action, noting in part that plaintiff submitted an affirmation rather than an affidavit, and directed the parties to arbitration, but, while denying defendant's request for sanctions, granted both sides leave to raise

sanctions with the Referee. Shortly thereafter, plaintiff sought renewal with the submission of an affidavit. The second court, noting the recusal of the first Justice, construed the first order narrowly as granting the stay because plaintiff opposed by affirmation rather than an affidavit, and vacated the stay. In vacating the stay in the order under review, the motion court found that, since the present dispute involved the alleged breach of the parties' duties and the 1996 agreement contained provisions only as to their respective "rights", the dispute was outside the "limited scope of the 1996 Agreement". While the court construed the remaining claims to be arbitrable, it found them to be so inextricably interwoven with the claims inherent in the fiduciary duties of the respective partners that they, too, required resolution in the same forum. The court then vacated that portion of the prior order sealing the record, but also denied sanctions to both parties.

In the order under review, the motion court misconstrued the relevant pleadings. Given the relationship between the dispute and the agreement's subject matter, the 1996 arbitration provision should have been given effect (*Matter of Lane [Abel-Bey]*, 70 AD2d 838, 839, *affd* 50 NY2d 864; *Dazco Heating & Air Conditioning Corp. v C.B.C. Indus.*, 225 AD2d 578). We agree with the motion court on the inextricable relationship binding the claims. However, fundamentally, this is a dissolution dispute, augmented by breach of fiduciary duty, which would bring the dispute under the 1996 agreement and its arbitration provision (*see, Matter of Helmsley Enters. [Lepercq, Deneuflize & Co.]*, 168 AD2d 224; *Matter of Silverberg [Schwartz]*, 81 AD2d 640), requiring arbitration of the remaining claims as well (*Matter of Calvin Klein, Inc. [G.P. Winter Assocs.]*, 204 AD2d 149). The 1996 agreement by its terms replaced all prior agreements and arrangements, so that plaintiff's comparison of the reach of the respective arbitration provisions is unavailing.

We find no basis to seal the record. The first order, granting the motion to seal the record, was issued on procedural grounds and not as a consequence of that court's exercise of discretion. The second court, issuing the order under review, denied the motion, implicitly exercising its discretion. Since this record neither contains proprietary information nor compels sensitivity in connection with minors or victims of heinous crimes, and poses no harm if publicly disclosed (*see, Bingham v Struve*, 184 AD2d 85, 90), we agree that sealing the record is not warranted by the circumstances of this case. Nor do we disturb the extant relief provided in the original order in regard to sanc-

tions. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.