■ AMBASSADOR CONSTRUCTION CO., INC., Respondent, v 40 WALL STREET DEVELOPMENT ASSOC., L. L. C., et al., Defendants,

and CHARLENE F. MARANT, Doing Business as MARANT ENTER-PRISES, et al., Appellants. [693 NYS2d 137] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered January 29, 1999, which, insofar as appealed from, denied the motion of defendants Charlene F. Marant, doing business as Marant Enterprises and EM Financial Solutions, L. L. C. (collectively, Marant) to permanently stay the action and refer the matter to arbitration, and granted that part of the cross-motion of plaintiff Ambassador Construction Co., Inc. (Ambassador) for partial summary judgment in the amount of $40,000, unanimously affirmed, without costs.

The IAS Court correctly denied Marant's motion to permanently stay this action to foreclose a mechanic's lien and compel arbitration. Although no waiver of arbitration occurred (*see, Braun Equip. Co. v Meli Borelli Assocs.*, 220 AD2d 311; *Two Cent. Tower Food v Pelligrino*, 212 AD2d 441, 442), defendants' right to arbitrate is barred by the failure to comply with a clearly applicable contractual condition precedent (*see, Matter of Asphalt Green [Herbert Constr. Co.]*, 210 AD2d 21). The question of whether a condition precedent has been complied with is generally an issue for the courts (*see, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1), particularly where the question of whether the condition precedent has been satisfied can be determined prior to resolution of the substantive claims (*compare, Matter of Calvin Klein, Inc. [G.P. Winter Assocs.]*, 204 AD2d 149).

The grant of partial summary judgment in favor of plaintiff was appropriate, given the assertions made by defendant Marant on the motion. Nor may plaintiff's right to payment be negated, under the circumstances, by its conceded inability to obtain an Executed Architect's Certificate for Payment. Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.