2 (*see, Aurora v Ford Motor Credit Corp.,* 260 AD2d 417), and therefore the purposes of CPLR 3212 (a) are not served by denial of the requested relief (*see, Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.

■ LILA BERTLES et al., Respondents, v ANGELO J. RUBINO et al., Defendants, and SIDNEY D. HARVEY, Appellant. [698 NYS2d 546] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Sidney D. Harvey appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered December 7, 1998, as, upon reargument of his prior cross motion for summary judgment which was granted by an order of the same court, entered July 27, 1998, denied the cross motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, denied the appellant's cross motion and substituting therefor a provision adhering to so much of the prior order as granted the appellant's cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, the complaint is dismissed insofar as asserted against the defendant Sidney D. Harvey, and the action against the remaining defendants is severed.

The general allegations of negligence set forth by the plaintiffs' expert were conclusory and unsupported by evidence, and thus insufficient to defeat the appellant's cross motion in which he made out a prima facie case for summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Rosado v Lutheran Med. Ctr.,* 202 AD2d 412; *Guida v Hsu,* 187 AD2d 485). Further, the plaintiffs failed to establish the existence of a doctor/patient relationship so as to impose liability on the appellant (*cf., Heller v Peekskill Community Hosp.,* 198 AD2d 265). Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.

■ ALBERT V. BIANCHI et al., Appellants, v LAWRENCE MILLE et al., Respondents. SNOW BECKER KRAUSS, P. C., Nonparty Respondent. [698 NYS2d 545] —In an action, *inter alia,* to recover misappropriated corporate funds, the plaintiffs appeal (1), as limited by their brief, from stated portions of (a) an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 29, 1998, which, *inter alia,* denied their motion to disqualify the defendants' counsel and granted the defendants' cross motion to disqualify their counsel, and (b) an order of the same court, dated August 3, 1998, which, *inter alia,* denied that

branch of their motion which was for reargument of the prior motion and the cross motion, (2) from an order of the same court, dated August 26, 1998, which, *sua sponte*, recalled and vacated the order dated August 3, 1998, and (3), as limited by their brief, from stated portions of an order of the same court (Kitson, J.), dated November 30, 1998, which, *inter alia*, denied those branches of their motion which were (a), in effect, for reargument of the order dated April 29, 1998, and (b) to disqualify the defendants' new counsel.

Ordered that the order dated April 29, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated August 3, 1998, is dismissed, as that order was vacated by the order dated August 26, 1998; and it is further,

Ordered that the appeal from the order dated August 26, 1998, is dismissed, as that order was made *sua sponte* and is not appealable as of right and leave to appeal has not been granted (*see,* CPLR 5701); and it is further,

Ordered that the appeal from so much of the order dated November 30, 1998, as denied that branch of the plaintiffs' motion which was, in effect, for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 30, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly granted the defendants' motion to disqualify the plaintiff Albert V. Bianchi from serving as counsel for the plaintiffs in this action and the underlying arbitration proceeding. Bianchi's dual role as corporate counsel for the defendant corporation, Fragrance Systems International, Inc., and counsel for the plaintiffs, the minority shareholders of the defendant corporation, could prevent him from exercising his professional judgment free of compromising influences and loyalties (*see,* Code of Professional Responsibility EC 5-1, DR 5-101 [A] [22 NYCRR 1200.20 (a)]; DR 5-105 [22 NYCRR 1200.24]). It is well settled that an attorney must avoid not only the fact, but also the appearance of representing conflicting interests (*see, Heim v Merritt-Meridian Corp.,* 236 AD2d 367; *Matter of Marks v Prisant,* 171 AD2d 665; *Schmidt v Magnetic Head Corp.,* 101 AD2d 268).

Nor do we find any error in the denial of the plaintiff's motion to disqualify the law firm of Cahn, Wishod & Lamb, n/k/a Lamb & Barnosky, L. L. P., from serving as the defendants'

counsel. That firm had obtained an assignment of certain nonvoting preferred stock as collateral security for their clients' fee obligations in lieu of a cash retainer. This fee arrangement would not permit the firm to collect any more than the value of the legal services it provided regardless of the outcome of the litigation. Thus, it cannot be said that the defendants' counsel acquired a "proprietary interest in the cause of action or subject matter of the litigation" (Code of Professional Responsibility DR 5-103 [A] [22 NYCRR 1200.22 (a)]).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.

■ BERALUS BRUNOT, Respondent, v JOE EISENBERGER & CO., INC., Appellant, et al., Defendant. JARNOW CORPORATION, Nonparty Respondent. [698 NYS2d 882] —In an action to recover damages for personal injuries, etc., the defendant Joe Eisenberger & Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 18, 1999, as denied its motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see, Scadura v Robillard,* 256 AD2d 567; *Leon v Martinez,* 84 NY2d 83, 87-88; *Kalivia Food Corp. v Hunts Point Coop. Mkt.,* 244 AD2d 460). Here, the documentary evidence submitted by the defendant in support of its motion failed to meet that burden. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.

■ SALVATORE CALCAGNO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [698 NYS2d 872] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 27, 1998, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted the defendant's motion for summary judgment. Contrary to the plaintiff's assertions, the defendant established a prima facie case that the plaintiff