■ ANDREW Z. TONG, Appellant, v S.A.C. CAPITAL MANAGEMENT, LLC, et al., Respondents. [860 NYS2d 84]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 18, 2007, which, to the extent appealed from as

limited by the briefs, granted defendants' motion to compel arbitration and, upon effectively granting plaintiff's motion for renewal and reargument, adhered to its original decision to seal the record, unanimously modified, on the law, to vacate the sealing order, and otherwise affirmed, without costs.

Since all plaintiff's claims arise out of events that occurred in the course of his employment by defendant SAC Capital Management, LLC and supervision by SAC manager defendant Ping Jiang, they all are subject to arbitration pursuant to the broad and unambiguous arbitration provision contained in his employment agreement, which covers "any dispute or controversy arising out of or relating to this agreement, the interpretation thereof, and/or the employment relationship." Even if the arbitration provision were, as plaintiff contends, ambiguous in scope, since its construction is governed by the Federal Arbitration Act, any such ambiguities would be properly resolved in favor of arbitration (*Matter of PricewaterhouseCoopers v Rutlen*, 284 AD2d 200 [2001]).

There is insufficient evidence of record to substantiate plaintiff's claim that he was induced by fraud or duress to enter into the arbitration agreement, and it has not been shown that the entire employment agreement was permeated by either fraud or duress so as to invalidate the arbitration provision (*see Matter of Weinrott [Carp]*, 32 NY2d 190, 197 [1973]; *Matter of O'Neill v Krebs Communications Corp.*, 16 AD3d 144 [2005], *lv denied* 5 NY3d 708 [2005]). Nor is there precedent to support plaintiff's claim that the question of arbitrability should have been submitted to a jury.

The factors relied upon by the court in sealing the record do not outweigh the public's right of access thereto (*see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 28 AD3d 322 [2006]; *Liapakis v Sullivan*, 290 AD2d 393 [2002]; *Matter of Hofmann*, 284 AD2d 92 [2001]; *Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d 1 [2000]; *Morelli v Dinkes*, 250 AD2d 530 [1998]). Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ. [*See* 16 Misc 3d 401.]