■ Daniel F. Hayes, Appellant, v Biedermann, Reif, Hoenig & Ruff, P.C., et al., Respondents. [942 NYS2d 541]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 2, 2011, which, in this action alleging age discrimination, granted defendants' motion to compel arbitration and stayed the proceedings, unanimously reversed, on the law, without costs, and the motion denied.

The record shows that the parties entered into an employment agreement that contained a broad arbitration clause. The agreement also provided that it could not be extended except by a writing signed by both parties. At the time of plaintiff's termination, the employment agreement had expired by its own terms, and no written agreement signed by both parties had extended it. Although plaintiff continued to work for defendant law firm after the expiration of the agreement, evincing an agreement to extend some of the provisions of the contract, that was insufficient to extend the arbitration provision without a clearly expressed intention to do so. Accordingly, since no agreement to arbitrate existed at the time of plaintiff's termination, the court improperly stayed the proceedings and directed arbitration (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 185 [1984]; *Donnkenny Apparel v Lee*, 291 AD2d 224 [2002]). Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32186(U).]**