Goppert v National Income Life Ins. Co. (2024 NY Slip Op 05830)

Goppert v National Income Life Ins. Co.

2024 NY Slip Op 05830

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 153096/23 Appeal No. 3092 Case No. 2024-00821 

[*1]Melissa K. Goppert et al., Plaintiffs-Appellants,
v
National Income Life Insurance Company, Defendant-Respondent.

Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for appellants.
King & Spalding LLP, New York (Jessica Benvenisty of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 12, 2024, which granted defendant's motion to stay the action and to compel arbitration, unanimously affirmed, without costs.
The court properly compelled plaintiffs to submit their claims to arbitration. "Arbitration is strongly favored under New York law" (State of New York v Philip Morris Inc., 30 AD3d 26, 31 [1st Dept 2006], affd 8 NY3d 574 [2007]), and the broad arbitration clause in the agent contracts requires plaintiffs' claims to be submitted to binding arbitration (see Tong v S.A.C. Capital Mgt., LLC, 52 AD3d 386, 387 [1st Dept 2008]). The reference in the agent contracts to the collective bargaining agreement (CBA) pertains solely to the grievance process outlined in that agreement, rather than to the scope of claims permitted under its arbitration clause. The agent contracts do not provide for "total displacement of [the] arbitration clause by the arbitration clause of a CBA covering plaintiff," and "[n]othing in the . . . contractual language can plausibly be construed to mean that a claim otherwise arbitrable" under the agent contracts "is not to be arbitrated at all if that claim would not fall within the scope of a narrower CBA arbitration clause" (Dibello v Salkowitz, 4 AD3d 230, 231 [1st Dept 2004]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024