| |
|---|
| **Badame v AECOM** |
| 2025 NY Slip Op 30792(U) |
| March 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152683/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. MARY V. ROSADO | | PART | 33M |
|---|---|---|---|---|
| | | *Justice* | | |

-----------------------------------------------------------------------X

GEORGE J. BADAME

                              Plaintiff,

               - v -

AECOM,

                              Defendant.

-----------------------------------------------------------------------X

| INDEX NO. | 152683/2024 |
|---|---|
| MOTION DATE | 05/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                         COMPEL ARBITRATION          .

Upon the foregoing documents, and oral argument which took place on January 7, 2025, with Milton L. Williams, Esq. appearing for Plaintiff George J. Badame ("Plaintiff") and Brian S. Kaplan appearing for Defendant AECOM ("Defendant"), Defendant's motion to compel arbitration and to stay this action is granted.

## I.     Background

Plaintiff alleges he was demoted and subsequently fired by Defendant because of his age and now sues for age discrimination and retaliation pursuant to the New York State Human Rights Law ("NYSHRL"), New York State Labor Law ("NYLL"), and New York City Human Rights Law ("NYCHRL"). Plaintiff signed an employment agreement (the "Employment Contract") with an arbitration clause. Defendant now moves to compel arbitration and to stay this action pending arbitration.

## II.     Discussion

New York public policy favors arbitration (*Cooper v Bruckner*, 21 A.D.3d 758 [1st Dept 2005]). The Federal Arbitration Act ("FAA") is the applicable body of law when a contract

containing an arbitration clause evidences a transaction involving interstate commerce (*Allied-Bruce Terminix Companies, Inc. v Dobson*, 513 US 265, 273-74 [1995]; *Gilbert v Indeed, Inc.*, 513 F Supp 3d 374, 400 [SDNY 2021]; 9 USC § 2). Where the FAA is applicable, it preempts state and local law on the enforceability of an arbitration clause (*Snazzi Reporting, Inc. v Veritext*, 219 NYS3d 657, 657 [1st Dept 2024]). The FAA provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (*Gilbert* at 400).

Here, the parties' Employment Contract evidences a transaction involving commerce for purposes of the FAA (*see* NYSCEF Doc. 9). Plaintiff was employed by Defendant, a publicly traded, multinational infrastructure consulting firm which conducts business nationwide. Plaintiff alleges he was involved in nationwide construction work, thereby implicating interstate commerce (NYSCEF Doc. 1 ¶¶16-17). Therefore, the FAA is applicable, and CPLR provisions on the enforceability of the Employment Contract are preempted (*Latif v Morgan Stanley & Co. LLC*, 2019 WL 2610985, *3, 2019 US DIST LEXIS 107020, *9 [SDNY 2019]; *see also AT&T Mobility LLC v Concepcion*, 563 US 333, 342 [2011]).

The parties entered a valid arbitration agreement. The Employment Contract contains a clear and unmistakable intent to delegate questions of arbitrability to the American Arbitration Association ("AAA") (*see Anima Group, LLC v Emerald Expositions, LLC*, 191 AD3d 572 [1st Dept 2021]). The parties agreed that "any dispute arising out of or relating to this Agreement or the formation, breach, termination or validity thereof, will be settled by binding arbitration by a panel of three arbitrators in accordance with the employment arbitration rules of the [AAA]" (NYSCEF Doc. 9).

**152683/2024   BADAME JR., GEORGE J. vs. AECOM**
**Motion No.  001**

**Page 2 of 5**

2 of 5

INDEX NO. 152683/2024

RECEIVED NYSCEF: 03/11/2025

Since the parties agreed that the AAA rules govern, "questions concerning the scope and validity of the arbitration agreement, including issues of arbitrability, are reserved for the arbitrators" (*Flintlock Const. Services, LLC v Weiss*, 122 AD3d 51, 54 [1st Dept 2014]). There is no showing that the Employment Contract or the Agreement are unconscionable to the extent that arbitration of Plaintiff's employment discrimination or retaliation claims is precluded (*see Newton v LVMH Moet Hennessy Louis Vuitton Inc.*, 192 AD3d 540, 541 [1st Dept 2021]; *see also Tong v S.A.C. Capital Management, LLC*, 52 AD3d 386, 387 [1st Dept 2008]).

Although Plaintiff argues the arbitration clause expired when the Employment Contract was terminated on December 31, 2022, this argument is contrary to the First Department rulings. Pursuant to the First Department, courts must "treat an agreement containing an arbitration clause as if there were two separate agreements—the substantive agreement between the parties, and the agreement to arbitration" (*O'Neill v Krebs Communications Corp.*, 16 AD3d 144, 144 [1st Dept 2005] citing *Matter of Weinrott [Carp]*, 32 NY2d 190 [1973]).

Plaintiff relies on *Donnkenny Apparel v Lee*, 291 AD2d 224, 224-25 (1st Dept 2002) and *Hayes v Biedermann, Reif, Hoenig & Ruff, P.C.*, 94 AD3d 680, 680 (1st Dept 2012) to argue continued employment past the expiration of an employment agreement is insufficient to extend or renew its arbitration clause. However, these cases are distinguishable from the case at bar. In both cases cited, the arbitration clauses required a signed writing for extension or renewal (*Donnkenny Apparel* at 224-25; *Hayes* at 680).

*[The remainder of this page is intentionally left blank.]*

**152683/2024   BADAME JR., GEORGE J. vs. AECOM**
**Motion No. 001**

[* 3]

Here, the Employment Contract does not require a signed writing for renewal. Section 5.09 of the Employment Contract, titled "Survival," explicitly provides that:

> "[t]he rights and obligations of the parties under the provisions of this Agreement that relate to post-termination obligations shall survive and remain binding and enforceable, notwithstanding the expiration of the term of this Agreement, the termination of Executive's employment with the Company for any reason or any settlement of the financial rights and obligations arising from Executive's employment hereunder, to the extent necessary to preserve the intended benefits of such provisions."

(NYSCEF Doc. 9). Absent a clear manifestation of contrary intent, it is presumed that the parties intend arbitration to survive the termination of an agreement (*Primex Int'l Corp. v Wal-Mart Stores, Inc.*, 89 NY2d 594, 601-02 [1997]). Therefore, considering the above survival clause, and there being no clear manifestation to the contrary, the arbitration clause survived the termination of the Employment Contract. Because the dispute arose from the Employment Contract, the arbitration clause is triggered. Thus, Defendant's motion to compel arbitration is granted, and the action is stayed pending arbitration.

Accordingly, it is hereby,

ORDERED that Defendant AECOM's motion to compel arbitration is granted; and it is further

ORDERED that Plaintiff George Badame Jr. shall arbitrate his claims against Defendant AECOM in accordance with the arbitration agreement; and it is further

ORDERED that all proceedings in this action are hereby stayed, except for an application to vacate or to modify said stay; and it is further

ORDERED that either party may make an application by order to show cause to vacate or to modify this stay upon the final determination of the arbitration; and it is further

**152683/2024  BADAME JR., GEORGE J. vs. AECOM**
**Motion No. 001**

**Page 4 of 5**

ORDERED that within 10 days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on Plaintiff via NYSCEF.

This constitutes the Decision and Order of the Court.

_____3/11/2025_____
DATE

*Mary V Rosad JSC*
_____
HON. MARY V. ROSADO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152683/2024   BADAME JR., GEORGE J. vs. AECOM**
**Motion No.  001**

Page 5 of 5

5 of 5